IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02895-MSK-BNB

MARINA RODRIGUEZ,

Plaintiff,

v.

MARAUDER CORPORATION, a/k/a Collection Professional Services,

Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Plaintiff's Motion for Entry of Default and for Default Judgement** [Doc. # 14, filed 7/10/2013] (the "Motion").

The Tenth Circuit Court of Appeals has construed Rule 55, Fed. R. Civ. P., as follows:

> Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket. Second, following an entry of default by the clerk, 'the party entitled to a judgment by default shall apply to the court therefor.'"

Williams v. Smithson, 57 F.3d 1081 at *1 (10th Cir. June 20, 1995)(internal citations omitted)(quoting Fed. R. Civ. P. 55(a) and (b)(2)); Nasious v. Nu-Way Real Estate, 2008 WL 659667 at *1 (D. Colo. Mar. 6, 2008). Here, the Clerk of the Court has declined to enter default under Rule 55(a). Clerk's Note [Doc. ## 15, 18].

Additionally, the Motion requests default judgment including the award of attorney fees. Motion [Doc. # 14] at p. 2. Local rule of practice 54.3, D.C.COLO.LCivR, requires that "a

motion for attorney fees shall be supported by one or more affidavits" containing "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed" together with "a summary of relevant qualifications and experience." The Declaration of Joseph Panvini [Doc. # 14-1] and Amended Declaration of Joseph Panvini [Doc. # 16] supplied in support of the claim for attorney fees do not satisfy the requirements of the local rule.

I respectfully RECOMMEND that Plaintiff's Motion for Entry of Default and for Default Judgement [Doc. # 14] be DENIED.[1]

Dated July 15, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).