IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02895-MSK-BNB

MARIANA RODRIGUEZ,

Plaintiff,

v.

MARAUDER CORPORATION, a/k/a Collection Professional Services,

Defendant.

---

# ORDER

---

This matter arises on the **Plaintiff's Motion for Default Judgment** [Doc. # 28, filed

9/26/2013] (the "Motion"), which seeks the entry of judgment by default against the defendant,

Marauder Corporation (the "defendant"). The Motion fails to comply with the requirements of

MSK Civ. Practice Standard V.J.

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in

relevant part:

> **(b)  Entering a Default Judgment.**
> **(2)  *By the Court.***  In all other cases [not subject to subpart (b)(1)],
> the party must apply to the court for a default judgment. A default
> judgment may be entered against a minor or incompetent person
> only if represented by a general guardian, conservator, or other like
> fiduciary who has appeared.  If the party against whom a default
> judgment is sought has appeared personally or be a representative,
> that party or its representative must be served with written notice
> of the application at least 7 days before the hearing.  The court
> may conduct hearings or make referrals--preserving any federal
> statutory right to a jury trial--when, to enter or effectuate
> judgment, it needs to:

      **(A)**  conduct an accounting;
      **(B)**  determine the amount of damages;
      **(C)**  establish the truth of any allegations by evidence; or
      **(D)**  investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ."  A trial court is vested with broad discretion in deciding whether to enter a default judgment.  <u>Grandbouche v. Clancy</u>, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief."  10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; <u>accord</u> <u>Olcott v. Delaware Flood Co.</u>, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits").  In addition:

> Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . .  Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, <u>supra</u>.

This case has been marred by mistakes and inattention.  The plaintiff required three attempts before she successfully obtained a Clerk's entry of default.  <u>See</u> Clerks' Note [Doc. # 15] (refusing to enter default); Clerk's Note [Doc. # 22] (same); Clerk's Entry of Default [Doc. # 27] (entering default under Fed. R. Civ. P. 55(a).  The plaintiff's initial motion seeking a default judgment was denied because no default had been entered.  Recommendation [Doc. # 19]; Order [Doc. # 23].  Thereafter the case lingered without attention for one month until I entered an order

requiring the plaintiff to show cause why it should not be dismissed for failure to prosecute. Order to Show Cause [Doc. # 24].  The Order to Show Cause prompted the plaintiff to file the instant Motion [Doc. # 28], which is her second attempt to obtain a default judgment.

The practice standards of the assigned district judge could not be more clear.  They require, among other things, that "[a] motion for default judgment under Fed. R. Civ. P. 55(b) shall include copies of the following documents: . . . (b) an affidavit or affidavits establishing that the particular defendant is not an infant, an incompetent person, **an officer or agency of the United States, the State of Colorado**, or in the military service. . . ."  MSK Civ. Practice Standard V.J.1(b) (emphasis added).  The Declaration of Joseph Panvini [Doc. # 28-1] offered in support of the Motion states only that the [d]efendant is neither a minor, nor an incompetent person, nor in the military," id. at ¶4, but it is silent as to the defendant's status as an agency of the United States or the State of Colorado.

Where, as here, the Motion is insufficient under the requirements of the applicable practice standard, the district judge has provided that "[i]f further documentation, proof, or hearing in required, the court shall notify the moving party."  MSK Civ. Practice Standard V.J.2.

The plaintiff must file an additional affidavit in support of her Motion which satisfies all of the requirements of MSK Civ. Practice Standard V.J.

IT IS ORDERED that the plaintiff shall file on or before October 30, 2013, if at all, an additional affidavit in support of her Motion which satisfies all of the requirements of MSK Civ. Practice Standard V.J.

Dated October 16, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge