IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02895-MSK-BNB

MARIANA RODRIGUEZ,

Plaintiff,

v.

MARAUDER CORPORATION, a/k/a Collection Professional Services,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Plaintiff's Motion for Default Judgment** [Doc. # 28, filed 9/26/2013] (the "Motion"), which seeks the entry of judgment by default against the defendant, Marauder Corporation. I respectfully RECOMMEND that the Motion [Doc. # 28] be GRANTED and that judgment enter in favor of the plaintiff and against the defendant for statutory damages in the amount of $1,000.00 and attorneys fees in the amount of $1,504.50.

**LEGAL STANDARD**

The entry of a default judgment is controlled by Fed. R. Civ. P. 55(b), which provides in relevant part:

> **(b) Entering a Default Judgment.**
> **(2)** *By the Court.* In all other cases [not subject to subpart (b)(1)], the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or be a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal

>statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>**(A)** conduct an accounting;
>**(B)** determine the amount of damages;
>**(C)** establish the truth of any allegations by evidence; or
>**(D)** investigate any other matter.

Rule 55(a), Fed. R. Civ. P., allows a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . . ." A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

"Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; accord Olcott v. Delaware Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003)(stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits"). In addition:

>Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. . . . Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded.

10A Wright, Miller & Kane, supra.

**FINDINGS AND CONCLUSIONS**

1.  This action was commenced by the filing of a Complaint [Doc. # 1, filed 11/2/2012]. Jurisdiction exists pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and federal question jurisdiction, 28 U.S.C. §1331. Complaint [Doc. # 1] at ¶2.

2.  Service of process was perfected against the defendant on January 11, 2013, by

service of an Amended Summons and a copy of the Complaint, together with other materials, on "Caroline Little, Customer Service Associate, who is authorized to accept service. . . ." Affidavit of Service [Doc. # 9]. The defendant failed to answer or otherwise respond to the Complaint within the time allowed, and it has never answered, responded, or appeared in this action. The Clerk of the Court entered default against the defendant pursuant to Fed. R. Civ. P. 55(a) on September 20, 2013. Clerk's Entry [Doc. # 27].

3. The defendant is a legal entity and is not an infant, incompetent person, officer or agency of the United States or the State of Colorado, or in the military service. Declaration of Joseph Panvini [Doc. # 35] ("Panvini Decl.") at ¶4.

4. The defendant is a debt collector, as defined in 15 U.S.C. § 1692a(6). Complaint [Doc. # 1] at ¶7. The defendant violated § 1692c(a)(2) of the Fair Debt Collection Practices Act "by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly." Id. at ¶19.

5. The plaintiff seeks an award of statutory damages in the amount of $1,000.00. Motion [Doc. # 28] at p. 2. Pursuant to 15 U.S.C. § 1692k(a)(2), the plaintiff is entitled to statutory damages of up to $1,000.00. In determining the appropriate amount of statutory damages to be awarded, the court is to consider, among other things, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The conduct alleged here is sufficiently intentional and serious as to warrant the award of $1,000.00.

6. Section 1692k(a)(3), 15 U.S.C., also provides for the award of reasonable attorneys fees and costs, and the plaintiff seeks the award of attorneys fees in the amount of $3,625.50. Panvini Decl. [Doc. # 35] at ¶22. In calculating a reasonable attorneys fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

7. The first step in calculating a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). However, as the Supreme Court instructed in Fox v. Vice, 131 S. Ct. 2205, 2216 (2011), "trial courts need not, and indeed should not become green-eyeshade accountants" when determining a fee application. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Id.

8. This case has been marred by mistakes and inattention. The plaintiff required three attempts before she successfully obtained a Clerk's entry of default. See Clerks' Note [Doc. # 15] (refusing to enter default); Clerk's Note [Doc. # 22] (same); Clerk's Entry of Default [Doc. # 27] (entering default under Fed. R. Civ. P. 55(a). The plaintiff's initial motion seeking a default judgment was denied because no default had been entered. Recommendation [Doc. # 19]; Order [Doc. # 23]. Thereafter the case lingered without attention for one month until I entered an order requiring the plaintiff to show cause why it should not be dismissed for failure to prosecute. Order to Show Cause [Doc. # 24]. The Order to Show Cause prompted the plaintiff to file the instant Motion [Doc. # 28], which is her second attempt to obtain a default

judgment. The affidavit provided in support of the Motion failed to comply with the practice standards of the district judge, requiring supplementation. <u>See</u> Order [Doc. # 34].

9. The plaintiff's attorneys have itemized the tasks performed and the time required for those tasks. The itemization reflects a total of 20.2 hours of time expended on this case. The amount of time claimed is patently unreasonable in view of the fact that the defendant defaulted and considering counsels' numerous errors and inefficiencies. Consequently, I carefully reviewed the time itemization, and I find that not more than 8.4 hours of time with a value of $1,504.50 were reasonably and necessarily expended on behalf of the plaintiff.

10. The plaintiff claims attorney fees at rates ranging from $175 to $335 per hour; paralegal fees at the rate of $135 per hour; and staff fees at the rate of $100 per hour. The plaintiff bears the burden of establishing that the rates are reasonable. <u>Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.</u>, 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." <u>Id</u>. A trial court may use its own knowledge in determining a reasonable rate. <u>Id</u>. at 1079. <u>See</u> <u>Praseuth v. Rubbermaid, Inc.</u>, 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the relevant market).

11. First, I have disallowed any staff time, finding that it is firm overhead and not subject award against the defendant. I find that the rates charged here by the lawyers and paralegals are reasonable in view of their respective training and experience and the nature of the case.

12. Applying the hourly rates to the hours allowed results in a fee award of

$1,504.50, which I find to be a reasonable and appropriate award under the facts of this case.

13.     The plaintiff also seeks an award of her costs. Motion [Doc. # 28] at p.2. Rule 54(d), Fed. R. Civ. P., provides that costs, other than attorneys fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. The plaintiff should be awarded her costs pursuant to 28 U.S.C. § 1920 upon the filing of a proper bill of costs.

**RECOMMENDATION**

I respectfully RECOMMEND that the Motion [Doc. # 28] be GRANTED and that judgment by default enter in favor of the plaintiff and against the defendant in the amount of $2,504.50, plus costs upon the filing of a bill of costs.[1]

Dated November 1, 2013.

                                                              BY THE COURT:

                                                              s/ Boyd N. Boland
                                                              United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).